JUDGE RAKOFF

14 CV 7422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

Y.P., Individually and as Parent of
M.P., a student with a disability,

                            Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                         Defendant.
--------------------------------------------------------------X

COMPLAINT

Civil Action No.

ECF Case



RECEIVED
SEP 12 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This action is authorized by the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1415(i)(2)(A), to review a final administrative decision of the New York State Review Officer ("SRO") regarding the provision of a free appropriate public education ("FAPE") to M.P., a student with a disability.

2. Plaintiff Y.P. seeks reversal of the SRO's July 31, 2014 decision finding that her claim for tuition funding for M.P.'s placement at the Cooke Center for Learning and Development ("Cooke"), a private, not-for-profit school for students with disabilities, for the 2011–2012 school year was time barred.

3. This action is timely commenced within four months after the date of the SRO decision pursuant to 20 U.S.C. § 1415(i)(2)(B) and New York Education Law § 4404(3)(a).

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under the IDEA, 20 U.S.C. § 1415(i)(2)(A), and 28 U.S.C. §§ 1331 and 1343.

5. The Court has supplemental jurisdiction to adjudicate state claims arising out of the same facts as the asserted federal claims. 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) as the judicial district in which defendant New York City Department of Education ("DOE") has its principal offices.

## PARTIES

7. Plaintiff Y.P. is the mother of M.P.

8. M.P. was born in 1991 and is currently 23 years old.

9. M.P. resides in New York, New York as she did during the 2011-2012 school year.

10. M.P. is identified by her initials in the caption of this action and throughout the Complaint consistent with Federal Rule of Civil Procedure 5.2(a).[1]

11. Defendant DOE is a municipal corporation whose principal offices are located at 52 Chambers Street, New York, New York 10007.

12. The DOE is responsible under the IDEA and the New York State Education Law for providing a FAPE to New York City residents between the ages of three and 21 who have been classified as students with disabilities in need of special education services and who have not yet received a regular high school diploma.

## LEGAL FRAMEWORK

13. In enacting the IDEA, Congress created a comprehensive statutory framework for

---

[1] Federal Rule of Civil Procedure 5.2(a) provides that in court filings that contain "the name of an individual known to be a minor" the filing may include only the minor's initials. While M.P. is not a minor, this Complaint refers to her by her initials because this matter involves M.P.'s rights to educational services from an educational agency under the IDEA. *See* 20 U.S.C. § 1232g(b)(1) (the Family Educational and Privacy Rights Act generally forbids educational agencies that accept federal financing from releasing students' "personally identifiable information"). *Cf. J.M. ex rel. L.M. v. New York City Dep't of Educ.*, No. 12-CV-8504(KPF), 2013 WL 5951436, at *1 n.1 (S.D.N.Y. Nov. 7, 2013).

"ensur[ing] that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A).

14. States receiving federal financial assistance under the IDEA must adhere to the Act's procedural and substantive requirements and must ensure that all children with disabilities are afforded a FAPE. 20 U.S.C. § 1412(a).

15. In order to satisfy the requirements of the IDEA, a school district must provide each disabled child with "special education and related services," 20 U.S.C. § 1401(9), that are "reasonably calculated to enable the child to receive educational benefits," *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982).

16. School districts must have an Individualized Education Program ("IEP") in place for each student with a disability at the beginning of each school year and must review that IEP not less than annually. 20 U.S.C. §§ 1414(d)(2)(A), (d)(4)(A)(i).

17. School districts also must provide a placement school that is capable of addressing the child's needs and implementing the IEP. *See R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 191-92 (2d Cir. 2012) (the DOE "may select the specific school site without the advice of the parents so long as it conforms to the program offered in the IEP"); *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 420 (2d Cir. 2009) (school districts do not have "carte blanche to assign a child to a school that cannot satisfy the IEP's requirements"); *see also Reyes v. New York City Dep't of Educ.*, No. 13-158, 2014 WL 3685943, at *6 (2d Cir. July 25, 2014) (stating that where a parent prevails on her contention that a placement school is "incapable of addressing [the child's] sensory needs" or provides an inappropriate educational methodology

for the child the school district "has failed to prove that its proposed IEP provided [the child] with a FAPE").

**Due Process Procedures**

18. The IDEA provides "procedural safeguards that enable parents and students to challenge the local educational agency's decisions," *Murphy v. Arlington Cent. Sch. Dist.*, 297 F.3d 195, 197 (2d Cir. 2002) (citing 20 U.S.C. § 1415), including the right to file a due process complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6)(A).

19. In New York, IDEA due process complaints initially must be litigated in a hearing conducted at the school district level before an Impartial Hearing Officer ("IHO"). N.Y. Educ. L. § 4404(1); 8 N.Y.C.R.R. § 200.5(i)–(j).

20. New York State law places the burden of proof in impartial hearings on school districts, "including the burden of persuasion and burden of production," "except that a parent or person in parental relation seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion and burden of production on the appropriateness of such placement." N.Y. Educ. L. § 4404(1)(c).

21. Unless a state sets a different limitations period, the IDEA requires that "a parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). New York State adopts the two-year limitations period. 8 N.Y.C.R.R. § 200.5(j)(1)(i) (stating that the "request for an impartial due process hearing must

be submitted within two years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint").

22. Unless a state sets a different time limitation, the IDEA provides that the complaining party may allege violations of the statute that occurred within the two years preceding the date when the party knew or should have known about the alleged action that forms that basis of the complaint. 20 U.S.C. §'1415(b)(6)(B) ("any party to present a complaint" must have the opportunity to set "forth an alleged violation that occurred not more than 2 years before the date the [party] knew or should have known about the alleged action that forms the basis of the complaint"). New York State law does not include any contrary provision.

23. When a school district moves to dismiss a parent's or a child's due process complaint on statute of limitations grounds, the school district bears the burden of demonstrating that the complaint was untimely. N.Y. Educ. L. § 4404(1)(c); *see also J.L. v. Ambridge Area Sch. Dist.*, No. 06-CV-1652, 2008 WL 2798306, at *10 (W.D.Pa. July 18, 2008) ("The Defendant school district was the party that asserted the statute of limitations as a defense at the administrative level. Thus, the Court finds that the IDEA statute of limitations can be construed as an affirmative defense and, as such, the Defendant ... would properly bear the burden of proof on this defense at the administrative level"); *R.B. v. Bd. of Educ.*, 99 F.Supp.2d 411, 415 (S.D.N.Y. 2000) ("In resolving a motion to dismiss, the pleadings and affidavits must be construed in favor of the plaintiff, and all doubts should be resolved in the plaintiff's favor and against the defendants . . . ." (internal citations omitted)).

24. The decisions reached in impartial hearings are subject to administrative appeals to the SRO. 34 C.F.R. § 300.514(b); N.Y. Educ. L. § 4404(2); 8 N.Y.C.R.R. § 200.5(k).

25. Once administrative remedies have been exhausted, either party may seek independent

judicial review of the SRO's decision in the state or federal courts. 20 U.S.C. § 1415(i)(2)(A).

26. In an appeal to the federal district court under 20 U.S.C. § 1415(i)(2)(A), the court receives the record of the administrative proceedings and may accept additional evidence at the request of either party. 20 U.S.C. § 1415(i)(2)(C).

27. The district court "must engage in an independent review of the administrative record and make a determination based on a 'preponderance of the evidence.'" *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (quoting *Mrs. B. v. Milford Bd. of Educ.*, 103 F.3d 1114, 1120 (2d Cir.1997)).

28. The court gives "due weight" to administrative rulings based on educational policy. *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

29. The court does not accord "due weight" to administrative proceedings when determining questions of law. *Lillbask ex rel. Mauclaire v. Connecticut Dep't of Educ.*, 397 F.3d 77, 82 (2d Cir. 2005); *see also E.M. ex rel. N.M. v. New York City Dep't of Educ.*, 11-CV-1427, 2014 WL 3377162, at *11 (2d Cir. July 11, 2014) ("we need not defer to the findings of state administrative officers on questions, such as contract interpretation or the requirements of standing, that fall outside of their field of expertise"); *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012) (observing that the weight due administrative determinations "will vary based on the type of determination at issue").

## FACTS

30. M.P., born in 1991, was ages 20 and 21 during the 2011-2012 school year.

31. M.P.'s disability classification during the 2011-2012 school year was Learning Disability.

**The May 5, 2011 Committee on Special Education Meeting**

32. The DOE's Committee on Special Education ("CSE") convened on May 5, 2011 to develop an IEP for M.P. for the 2011-2012 school year. The IEP recommended, among other services, that M.P. be placed in a 15:1 special class in a community school for a ten-month school year.

33. The IEP stated the "Projected Date of Initiation of IEP" was "9/1/2011."

34. The IEP was to guide M.P.'s education in "12th grade as of 9/2011," and its duration of services was "ONE YEAR."

35. A form titled "Notice of Recommended Deferred Placement: Annual Review or Reevaluation," dated May 5, 2011, informed Y.P. that M.P.'s placement in the DOE's recommended program was being deferred until September 1, 2011.

**The DOE's Public School Placement**

36. The DOE issued a Final Notice and Recommendation ("FNR"), dated June 30, 2011, that advised Y.P. that M.P.'s IEP was to be implemented at H468, the High School for Health Careers and Sciences.

37. On August 10, 2011, Y.P. visited H468. The principal informed her that the school was unable to implement M.P.'s IEP because the school did not offer a 15:1 special class. The principal also told Y.P. that there was no room for M.P. at the school.

38. On August 11, 2011, Y.P. submitted a letter informing the DOE that H468 could not implement M.P.'s IEP as the school did not provide a 15:1 special class. No one at the DOE responded to Y.P.'s letter.

**M.P.'s Enrollment in Cooke**

39. On August 16, 2011, Y.P. signed a contract with Cooke, securing a seat for M.P. in the

Cooke SKILLs program for the period from September 2011 to June 2012.

40. The Cooke contract provided that Y.P. would be released from the contract without financial penalty or continuing responsibility for tuition payments if, by October 31, 2011, she accepted a school placement for M.P. from the DOE and notified Cooke in writing.

41. On August 23, 2011, counsel for Y.P. wrote to the DOE to provide the DOE with ten business days' notice that it had failed to provide M.P. with a FAPE and that Y.P. intended to enroll M.P. in the Cooke SKILLs program and seek DOE tuition funding.

42. On September 8, 2011, the DOE's 2011-2012 school session began for the all students.

43. M.P.'s first day at Cooke for the 2011-2012 school session was September 12, 2011.

**Y.P.'s Due Process Complaint and the DOE's Motion to Dismiss**

44. On August 28, 2013, counsel for Y.P. filed a due process complaint challenging the appropriateness of the DOE's recommended IEP and school placement for M.P. for the 2011-2012 school year. The due process complaint sought a finding that the DOE denied M.P. a FAPE and an award of payment for M.P.'s tuition in the Cooke SKILLs program.

45. On February 7, 2014, counsel for the DOE submitted a Motion to Dismiss, requesting that the IHO dismiss Y.P.'s due process complaint as time barred under the IDEA's statute of limitations.

46. On March 7, 2014, counsel for Y.P. submitted a Response to Motion to Dismiss, asserting that the DOE's Motion to Dismiss should be denied as Y.P.'s due process complaint was timely filed.

**The Impartial Hearing Officer's Order of Dismissal**

47. On May 27, 2014, IHO Jeffery J. Schiro, Esq. issued an Order of Dismissal that dismissed Y.P.'s due process complaint as "time barred by the relevant statute of limitations."

48. The IHO concluded that Y.P.'s claims "were ripe at the time she discovered the alleged denials of a FAPE," which he found occurred on June 30, 2011, the date of the FNR that identified H468 as M.P.'s placement for the 2011-2012 school year. The IHO held that "[t]he parent's FAPE claim ... accrued, or became ripe for adjudication, on June 30, 2011 because upon her receipt of the DOE's FNR of that date, the parent knew or should have known of the DOE's program and placement recommendations for the student for the 2011/12 school year." '

**The SRO Appeal**

49. By Verified Petition dated June 13, 2014, Y.P. initiated an appeal of IHO Schiro's decision to the SRO.

50. Y.P. asserted in the Petition that her claim for tuition funding for the 2011-2012 school year did not accrue until the DOE failed to provide M.P. with a FAPE at the beginning of her 2011-2012 school year.

51. On July 10, 2014, the DOE filed a Verified Answer asserting that the IHO's decision should be upheld and that Y.P.'s August 28, 2013 due process complaint was time barred.

**The SRO Decision**

52. In Decision Number 14-089, dated July 31, 2014, SRO Justyn P. Bates held that Y.P.'s claims regarding the May 5, 2011 IEP "accrued on May 5, 2013 [*sic*]" because Y.P. "was aware of her concerns that the May 2011 IEP did not offer the student a FAPE at the time of the CSE meeting."

53. With regard to Y.P.'s claims regarding the assigned public school, H468, the SRO first determined that at "the very latest, [Y.P.'s] claims accrued when she sent the notice of unilateral placement on August 23, 2011."

54. Second, the SRO found that Y.P.'s claims regarding the placement school were

"irrelevant" to the issue of when Y.P.'s claim accrued because "challenges to the implementation of an IEP are speculative when the student never attended the recommended placement and are not an appropriate basis for a finding that the district denied the student a FAPE."

55. The SRO concluded that the claims raised in Y.P.'s August 28, 2013 due process complaint were time barred under the IDEA's and New York State's statutes of limitations.

## FIRST CAUSE OF ACTION

56. The SRO erred in determining that the claims raised in Y.P.'s August 28, 2013 due process complaint were time barred under the IDEA and New York State law.

57. The alleged action that formed the basis of the complaint was the DOE's denial of FAPE for the 2011-2012 school year. That action did not occur until September 2011, when school resumed with the DOE's inappropriate May 5, 2011 IEP in place and with no appropriate public school placement offered, and when M.P. accordingly returned to Cooke. The August 28, 2013 due process complaint was timely filed within two years after the DOE's denial of FAPE for the 2011-2012 school year.

## SECOND CAUSE OF ACTION

58. The SRO erred in determining that Y.P.'s claims regarding the proposed placement school were speculative and irrelevant to the issue of FAPE.

59. The Second Circuit Court of Appeals has repeatedly held that school districts are required to provide a placement school that is appropriate for the child and able to implement the child's IEP. *R.E.*, 694 F.3d at 191-192 (the DOE "may select the specific school site without the advice of the parents so long as it conforms to the program offered in the IEP"); *T.Y.*, 584 F.3d at 420 (school districts do not have "carte blanche to assign a child to a school that cannot satisfy the IEP's requirements"); *see also Reyes*, 2014 WL 3685943, at *6 (stating that where a parent

prevails on her contention that a placement school is "incapable of addressing [the child's] sensory needs" or provides an inappropriate educational methodology for the child the school district "has failed to prove that its proposed IEP provided [the child] with a FAPE").

### THIRD CAUSE OF ACTION

60. The SRO's decision was affected by errors of law, was not supported by the evidence of record, and was not thorough and careful. The SRO's decision should not be accorded deference by this Court, and should be reversed.

### RELIEF REQUESTED

WHEREFORE, Y.P. respectfully requests that the Court:

1. Assume jurisdiction over this action;

2. Conduct an independent review of the administrative record and any additional evidence;

3. Annul the decision of the SRO;

4. Enter judgment finding that Y.P.'s claim for tuition funding was timely filed and remanding this case for an impartial hearing on the merits of Y.P.'s claim;

5. Award Y.P. reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I); and

6. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2014

THOMAS GRAY (TG 0880)
PARTNERSHIP FOR CHILDREN'S RIGHTS
Attorney for Plaintiff
271 Madison Avenue, 17th Floor
New York, New York 10016
(212) 683-7999 ext. 246
Fax: (212) 683-5544
tgray@pfcr.org